IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BARBARA E. WEBB,** )<br>)<br>**Plaintiff,** )<br>) | **CIVIL ACTION** |
| **v.** )<br>) | **Case No. 09-2052-CM** |
| **JOHN E. POTTER, on behalf of the** )<br>**United States Postal Service,** )<br>)<br>**Defendant.** )<br>) | |

**MEMORANDUM AND ORDER**

Plaintiff Barbara E. Webb brings this action alleging that the United States Postal Service ("USPS") breached its contract with her by terminating their Cleaning Agreement. The case is before the court on Defendant's Motion to Dismiss the Instant Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 3). Defendant claims that the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 601 *et seq.*, limits judicial review of certain government contract disputes to the Court of Federal Claims. Plaintiff failed to timely respond to defendant's motion, and the court ordered her to show cause why the motion should not be granted as uncontested. Plaintiff filed a response. The court is now prepared to rule on the motion.

Congress created the USPS under the Postal Reorganization Act of 1970 ("PRA"). In the PRA, Congress included a "sue and be sued" clause, thereby permitting suit against the USPS. 39 U.S.C. § 409; *Franchise Tax Bd. v. U.S. Postal Serv.*, 467 U.S. 512, 517–18 (1984). But Congress also enacted the Contract Disputes Act of 1978 ("CDA"), which preempts the PRA where it applies. *See Tradesmen Int'l, Inc. v. U.S. Postal Serv.*, 234 F. Supp. 2d 1191, 1199–1200 (D. Kan. 2002) (concluding after thorough analysis and consideration of cases to the contrary that Congress intended the CDA to preempt the PRA in cases of subcontracts); *see generally Brown v. Gen. Servs.*

*Admin.*, 425 U.S. 820, 834 (1976) ("[A] precisely drawn, detailed statute pre-empts more general remedies."). The CDA "applies to any express or implied contract . . . entered into by an executive agency for . . . the procurement of services." 41 U.S.C. § 602(a). The USPS is an "executive agency" under the terms of the CDA. *Id.* § 601(2). The CDA provides that "[a]ll claims by a contractor against the government relating to a contract" covered by the CDA must be submitted to the contracting officer. 41 U.S.C. § 605(a). If a claimant seeks appeal of a contracting officer's decision, she may either (1) appeal to an agency board of contract appeals; or (2) seek judicial review with the Court of Federal Claims. *Id.* §§ 606, 609(a)(1) and (3). Absent proper appeal, "[t]he contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency. . . ." *Id.* § 605(b).

This case involves a contract claim against the USPS regarding a contract for procurement of services. *See Flying Horse v. United States*, 49 Fed. Cl. 419, 427–27 (Fed. Cl. 2001) (holding that a contract of employment with the Bureau of Indian Affairs constituted a contract for procurement of services). Specifically, plaintiff claims that she had a two-year contract with the USPS to provide cleaning services. She brought suit because the USPS terminated that contract. As set forth above, Congress set forth a specific remedy for contract claims covered by the CDA. This court may not assert jurisdiction over the claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Instant Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 3) is granted.

-3-

Dated this 14th day of April 2009, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**